IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

COMMODITY FUTURES TRADING
COMMISSION,

    Plaintiff,

v.

GEORGE D. HUDGINS, individually and dba
GEORGE D. HUDGINS, L.L.C.

    Defendant

CIVIL ACTION NO.: 6-08 CV 187

A TRUE COPY I CERTIFY
DAVID J. MALAND, CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

By: _____ *Mike Lantz* _____

## CONSENT ORDER OF PRELIMINARY
## INJUNCTION AND OTHER EQUITABLE RELIEF

Plaintiff, the Commodity Futures Trading Commission ("Commission") filed, on May 13, 2008, a Complaint for Permanent Injunction, Civil Monetary Penalties, and Other Equitable Relief ("Complaint") against Defendant, George D. Hudgins, individually, and dba George D. Hudgins, L.L.C., (hereinafter collectively referred to as "Defendant"), alleging violations of the antifraud provisions and registration requirements of the Commodity Exchange Act, as amended ("Act" or "CEA"), 7 U.S.C. §§ 1 *et seq.* (2002), and the Regulations promulgated thereunder ("CFTC Regulations"), 17 C.F.R. §§ 1.1 *et seq.* (2008). The Commission also moved pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, for a preliminary injunction.

Based upon the attached written consent of Defendant to this Order of Preliminary Injunction and Other Equitable Relief ("Order"), the Court finds, for the purpose of this Order, that Defendant acknowledges service of the Summons and Complaint in this action. The Court further finds that Defendant, without admitting or denying the allegations of the Complaint except as to jurisdiction and venue as stated below, consents to the entry of this Order. The

1

Court also finds that Defendant's consent to this Order is entered into voluntarily and that no promise or threat has been made by the CFTC, or any member, officer, agent, or representative of the CFTC, to induce Defendant to consent to this Order.

### I.

### JURISDICTION AND VENUE

**THE PARTIES AGREE AND THE COURT FINDS THAT:**

1. For the purposes of this Order, this Court has jurisdiction over Defendant and the subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. §13a-1, which authorizes the Commission to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

2. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. §1.13a-1(e), in that Defendant is found, inhabits or transacts business in this district, and the acts and practices in violation of the Act have occurred, are occurring or are about to occur within this district.

### II.

### RELIEF GRANTED

*Prohibition from Violations of the
CEA and Commission Regulations*

3. **IT IS HEREBY ORDERED** that Defendant, his officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with him, are enjoined and restrained, until further order of this Court, from directly or indirectly:

    a.    In or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, made, or to be made, for or

       on behalf of any other persons, where such contract for future delivery was or could be used for (A) hedging any transaction in interstate commerce in such commodity or the products or byproducts thereof, or (B) determining the price basis of any transaction in interstate commerce in such commodity, or (C) delivering any such commodity sold, shipped, or received in interstate commerce for the fulfillment thereof, (i) cheating or defrauding or attempting to cheat or defraud other persons, (ii) willfully making or causing to be made to other persons any false report or statement thereof, and/or (iii) willfully deceiving or attempting to deceive other persons in violation of Sections 4b(a)(2)(i)-(iii) of the CEA, 7 U.S.C. §§ 6b(a)(2)(i)-(iii);

b.    In or in connection with an offer to enter into, the entry into, the confirmation of, the execution of, or the maintenance of commodity options transactions (i) cheating, defrauding or deceiving, or attempting to cheat, defraud, or deceive other persons in any manner whatsoever, and/or (ii) willfully making or causing to be made any false report or statement, in violation of Section 4c(b) of the Act, 7 U.S.C. § 6c(b), and CFTC Regulations 33.10(a)-(c), 17 C.F.R. § 33.10(a)-(c);

c.    Using the mails or instrumentalities of interstate commerce in or in connection with his business as a commodity pool operator ("CPO") while failing to register with the Commission as a CPO and CTA, in violation of Section 4m(1) of the CEA, 7 U.S.C. § 6m(1); and

Case 6:08-cv-00187-LED Document 2-2 Filed 06/09/2008 Page 4 of 19

   d.  While acting as a CPO, employing a device, scheme or artifice to defraud pool participants, clients and prospective pool participants or clients or engaging in a transaction, practice or course of business which operates as a fraud or deceit upon pool participants, clients and prospective pool participants or clients, in violation of Section 4o(1) of the CEA, 7 U.S.C. § 6o(1), and CFTC Regulation 4.41(a), 17 C.F.R. § 4.41(a).

4. **IT IS FURTHER ORDERED** that the injunctive provisions of this Order shall be binding upon Defendant, upon any person acting in the capacity of agent, servant, employee, or attorney of Defendant, and upon any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in active concert or participation with Defendant.

### *Appointment of Receiver*

5. **IT IS FURTHER ORDERED** that Mr. Kelly Crawford of the law firm of Scheef & Stone, L.L.P. is appointed as the Receiver for Defendant's Assets, as defined under the SRO, with full powers of an equity receiver. The Court makes this appointment of a Receiver after having duly considered the qualifications and experience of said Receiver and determining said Receiver qualified as reflected in Mr. Crawford's *curriculum vitae* setting forth his qualifications and experience, and his fee schedule attached hereto as Exhibit A. The Receiver shall be the agent of this Court in acting as Receiver under this Order.

6. The "Receiver Estate" shall consist of all Defendant's Assets, as that term is defined in Paragraph 11 of the SRO, that are under the Receiver's possession, custody, or control or, per the SRO, should be under the Receiver's possession, custody, or control. No person

4

holding or claiming any position of any sort with the Receiver Estate shall possess any authority to act by or on behalf of any of the Receiver Estate, except as authorized by the Receiver.

### *Powers of Receiver*

7.      **IT IS FURTHER ORDERED** that the Receiver shall have and possess all powers and rights to administer and manage the Receiver Estate in the Receiver's discretion, including assets held by third parties that are subject to the SRO, and take such action as approved by the Court, as described below:

   a.   The Receiver shall make a determination of value of the Receiver Estate, including, but not limited to, making a determination of the account values for all pool participants or prospective pool participants or clients or investors accounts controlled or managed by Defendant;

   b.   The Receiver shall take exclusive custody, control, and possession of the Receiver Estate. Further, the Receiver shall have full power to sue for, collect, receive and take possession of all goods, chattels, rights, credits, moneys, effects, land, leases, mail, books, records, work papers, and records of accounts, including computer-maintained information, and other papers and documents of the Defendant, including documents related to pool participants or prospective pool participants or clients or investors whose interests are now held by or under the direction, possession, custody or control of the Defendant. The Receiver shall have discretion to determine that certain personal property or other assets of Defendant shall be under the Receiver's control, but shall remain in the possession or custody of Defendant;

Case 6:08-cv-00187-LED   Document 2-2   Filed 06/06/2008   Page 6 of 19

c. The Receiver shall take all steps necessary to secure the business premises of Defendant, including but not limited to, 3737 Financial L.P. a/k/a Hudgins Group a/k/a Hudg-Investments, and any and all other premises under the control of Defendant;

d. The Receiver shall preserve, hold and manage the Receiver Estate, and perform all acts necessary to preserve the value of the Receiver Estate, in order to prevent any loss, damage or injury to pool participants or prospective pool participants or clients or investors;

e. The Receiver shall prevent the withdrawal or misapplication of funds entrusted to Defendant, and otherwise protect the interests of pool participants or prospective pool participants or clients or investors;

f. The Receiver shall manage and administer Defendant's businesses, including but not limited to, 3737 Financial L.P. a/k/a Hudgins Group a/k/a Hudg-Investments, by performing all acts incidental thereto that the receiver deems appropriate, including hiring or dismissing any and all personnel or suspending operations;

g. The Receiver shall collect all money owed to the Receiver Estate;

h. The Receiver shall initiate, defend, compromise, adjust, intervene in, dispose of, or become a party to any actions or proceedings in state, federal or foreign court necessary to preserve or increase the assets of Defendant or to carry out his or her duties pursuant to this Order or the SRO;

6

    i.        The Receiver shall choose, engage and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

    j.        The Receiver shall issue subpoenas to obtain documents and records pertaining to the Receiver Estate, and conduct discovery in this action on behalf of the Receiver Estate; and

    k.        The Receiver shall open one or more bank accounts as designated depositories for funds of the Defendant. The Receiver shall deposit all funds of the Defendant in such designated accounts and shall make all payments and disbursements from the Receivership Estate from such accounts.

    l.        The Receiver shall make payments and disbursements from the Receiver Estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by Defendant prior to the date of entry of this Order or the SRO, except for payments that the Receiver deems necessary or advisable to secure assets of Defendant.

### *Delivery of Assets to Receiver*

8.     **IT IS FURTHER ORDERED** that, the Receiver is authorized to provide actual notice of the entry of this Order or the SRO to any person, agency or entity the Receiver deems appropriate by delivery of a copy of this Order or the SRO by hand, U.S. Mail, International

7

Mail, express mail, courier service, facsimile, e-mail or any other reasonable means of delivery, and that immediately upon service of this Order or the SRO upon Defendant and/or any other person or entity, and to the extent that they have not already done so, they shall forthwith or within such time as permitted by the Receiver in writing, deliver over to the Receiver:

   a. Possession and custody of all funds, assets, property, and all other assets, owned beneficially or otherwise, wherever situated, of Defendant;

   b. Possession and custody of documents of Defendant, including but not limited to, all books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents and other papers;

   c. Possession and custody of all funds and other assets belonging to members of the public now held by the Defendant;

   d. All keys, computer passwords, entry codes, and combinations to locks necessary to gain or to secure access to any of the assets or documents of Defendant, including but not limited to, access to the business premises of defendant, means of communication, accounts, computer systems, or other property; and

   e. Information identifying the accounts, employees, properties or other assets or obligations of Defendant.

Nothing in this paragraph shall require the Defendant to deliver to the Receiver any wages earned by the Defendant after the date of this order appointing the Receiver except to the extent that the wages relate, in any way, to the conduct alleged by the Commission in its Complaint in this matter,

including but not limited to whether the origin of the wages was either directly or indirectly monies from prior, current and/or prospective pool participants of 3737 Financial L.P. aka Hudgins Group aka Hudg-Investments ("3737 Financial"), prior, current and/or prospective investors of the Defendant, or Defendant's prior and/or current agents servants, employees, attorneys, and persons in active concert or participation with the Defendant. All of Defendant's wages not delivered to the Receiver shall be deposited into a segregated account, which shall be opened by the Defendant no later than five days from the date of this order. Within the same five day period, the name, location, account number and signatories to the account shall be provided to the Receiver and the Commission. Defendant is authorized to withdraw, on a monthly basis, reasonable and necessary living expenses not to exceed $6000 per month. Each withdrawal shall be supported by an appropriate receipt and each receipt shall be provided monthly to the Receiver and the Commission. Further, the Defendant's attorney shall deliver to the Receiver and the Commission monthly account statements. The Receiver and Commission reserve the right to object to the appropriateness of any expenditure. Defendant may make further application to modify the amount of monthly withdrawals from Defendant's wage account.

9. The Receiver shall maintain those documents delivered pursuant Paragraph 4(b) in Dallas, Texas subject to the approval of the United States Attorney's Office for the Eastern District of Texas and allow Plaintiff, Defendant, any state and Federal government agencies, their agents, servants, employees, attorneys, and persons in active concert or participation with them reasonable access to those documents.

## *Report by Receiver*

10. **IT IS FURTHER ORDERED** that the Receiver shall provide an initial report to the Court and the Parties within 30 days of the date of this order, subject to such reasonable

9

Case 6:08-cv-00187-LED Document 2-2 Filed 06/09/2008 Page 10 of 19

extensions as the Court may grant, that details (i) all of Defendant's Assets, as defined in the SRO (including the location of such assets), contained in the Receiver Estate; and (ii) the account values for all accounts of pool participants or prospective pool participants or clients or investors controlled or managed by Defendant. The Receiver shall provide additional reports and/or updates as he deems necessary in the course of fulfilling his duties set forth herein or as requested by the Court.

### *Noninterference and Cooperation with Receiver*

11. **IT IS FURTHER ORDERED** that (i) all persons, including but not limited to the Defendant and his agents, servants, employees, assigns, attorneys, and persons in active concert or participation with the Defendant, including any successor thereof, and any persons who receive actual notice of this Order of the SRO by personal service or otherwise, are enjoined from in any way interfering with the operation of the Receiver Estate or in any way disturbing the assets of the Receiver Estate and from filing or prosecuting any actions or proceedings which involve the Receiver or which affect the Receiver Estate, specifically including any proceeding initiated pursuant to the United States Bankruptcy Code, except with the prior permission of this Court, and (ii) that Defendant and his agents, servants, employees, assigns, attorneys, and persons in active concert or participation with the Defendant, including any successor thereof, and any persons who receive actual notice of this Order or the SRO by personal service or otherwise, shall cooperate in every way with the Receiver and others working with the Receiver in the administration of the Receiver Estate and provide such information related to the Receiver Estate as the Receiver and those working with the Receiver reasonably request. Nothing in this paragraph shall prevent the Defendant from objecting to the Receiver's control of assets which do not relate to the conduct alleged by the Commission in its Complaint in this matter or assets which

Case 6:08-cv-00187-LED   Document 2-2   Filed 06/09/2008   Page 11 of 19

do not or did not relate, directly or indirectly, to monies from prior, current and/or prospective pool participants of 3737 Financial or prevent the Plaintiff from responding to such objection. Further, nothing in this paragraph shall prevent the Commission from objecting to the Receiver's failure to control assets which relate to the conduct alleged by the Commission in its Complaint in this matter or assets which relate, directly or indirectly, to monies from prior, current and/or prospective pool participants of 3737 Financial, or prevent the Defendant from responding to such objection.

### *Stay of Action Against Receiver Estate*

12. **IT IS FURTHER ORDERED** that except by leave of the Court, during the pendency of the Receiver Estate ordered herein, Defendant and all other persons and entities be and hereby are stayed from taking any action to establish or enforce any claim, right or interest for, against, on behalf of, in, or in the name of Defendant, the Receiver, any of Defendant's Assets, as defined in the SRO, the Receiver Estate, or the Receiver's duly authorized agents acting in their capacities as such, including but not limited to, the following actions:

 a. Commencing, prosecuting, litigating or enforcing any suit, except that actions may be filed to toll any applicable statute of limitations;

 b. Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, assets or property of Defendant or any assets or property claimed by Defendant, or attempting to foreclose, forfeit, alter or terminate any of Defendant's interests in assets or property, whether such acts are part of a judicial proceeding or otherwise;

 c. Using self-help or executing or issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other

11

process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon any assets or property, wherever located, owned by or in the possession of Defendant, or the Receiver, or any agent of the Receiver; and

d. Doing any act or thing to interfere with the Receiver taking control, possession or management of the assets or property subject to the receivership, or to in any way interfere with the Receiver or the duties of the Receiver; or to interfere with the exclusive jurisdiction of this Court over the property and assets of Defendant.

This Paragraph does not stay the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

### *Posting of Bond by Receiver*

13. **IT IS FURTHER ORDERED** that pursuant to 28. U.S.C. § 754 upon the posting of a bond in the amount of $10,000 by the Receiver, the Receiver shall be vested with complete jurisdiction and control of all property, real, personal or mixed situated in different districts, with the right to take possession thereof and shall have capacity to sue in any district without ancillary appointment.

### *Receiver Compensation*

14. **IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, solely from the assets now held by, or in the possession or control of, or which may be received by Defendant. The Receiver shall file with the Court and

Case 6:08-cv-00187-LED   Document 26   Filed 06/09/2008   Page 13 of 19

serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of this Order. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court. The Commission shall have the right to object to any fee application made by the Receiver.

## III.

### FORCE AND EFFECT

15.   **IT IS FURTHER ORDERED** that this Order shall remain in full force and effect until further order of this Court, and that this Court retains jurisdiction of this matter for all purposes. The Statutory Restraining Order ordered by the Court on May 13, 2008, except to the extent that it is modified by this Order, shall remain in full force and effect until further order of this Court.

**SO ORDERED**, at Tyler, Texas on the _9_ day of June 2008.

**UNITED STATES DISTRICT JUDGE**

13

*Consent Order Of Permanent Injunction And Other Equitable Relief* consented to and approved

for entry by:

| | |
|---|---|
| PLAINTIFF UNITED STATES COMMODITY FUTURES TRADING COMMISSION | DEFENDANT GEORGE D. HUDGINS dba GEORGE D. HUDGINS L.L.C. |
| /s/ Kathleen M. Banar | /s/ Charles M. Meadows, Jr. |
| Kathleen M. Banar, Chief Trial Attorney (Ill. Bar No. 6200597) kbanar@cftc.gov (admitted *pro hac vice*) | Charles M. Meadows Jr. (TX Bar No.13886700) cmeadows@meadowscollier.com |
| Kim G. Bruno, Counsel to the Director (D.C. Bar No. 389899) kbruno@cftc.gov (admitted *pro hac vice*) | Meadows, Collier, Reed, Cousins & Blau L.L.P. 601 Main Street, Suite 3700 Dallas, TX 75202 |
| United States Commodity Futures Trading Commission Division of Enforcement 1155 21st Street, NW, Washington, D.C. 20581 Telephone: (202) 418-5000 Fax: (202) 418-5531 | Telephone: (214) 744-3700 Fax: (214) 747-3732 |

14

# EXHIBIT A

Case 3:08-cv-00877-FJD   Document 2-2   Filed 06/09/2008   Page 16 of 19

# KELLY M. CRAWFORD, ESQ.
## Partner
### Scheef & Stone, L.L.P.
5956 Sherry Lane, Suite 1400
Dallas, Texas 75225
(214) 706-4200 telephone
(214) 706-4242 facsimile
Kelly.Crawford@ScheefandStone.com

Kelly Crawford, a *cum laude* graduate of the SMU School of Law, and AV Rated attorney, is now in his 22nd year of practicing law. Mr. Crawford continues to focus his practice on investment fraud and recovering stolen or misappropriated funds for investors. Mr. Crawford has worked extensively with the Securities and Exchange Commission, the United States Commodity Futures Trading Commission, the Department of Justice, and United States Marshalls. Mr. Crawford has been appointed a Receiver in various investment fraud cases by a number of judges of the United States District Court for the Northern District of Texas.

## RECEIVERSHIP AND INVESTMENT FRAUD EXPERIENCE

**Securities and Exchange Commission v. Petrosite Assets, Inc., et al.:**
(Judge Godbey); Civil Action No. 3:06CV-1611 in the United States District Court for the Northern District of Texas, Dallas Division – Appointed as Receiver in September, 2006 in multi-million dollar oil and gas and jewelry manufacturing investment scheme.

**U.S. Commodity Futures Trading Commission v. Premium Income Corporation, et al.:** (Judge Boyle); Civil Action No. 3-05CV-0416 in the United States District Court for the Northern District of Texas, Dallas Division– Appointed as Receiver in March, 2005 in $10 million foreign currency exchange scheme. Return to investors exceeded 34 percent.

**Securities and Exchange Commission v. Premium Income Corporation, et al.:** (Judge Boyle); Civil Action No. 3-05CV-0415 in the United States District Court for the Northern District of Texas, Dallas Division (related to foregoing case brought by CFTC) – Appointed as Receiver in March, 2005 in $10 million foreign currency exchange scheme. Return to investors exceeded 39%.

Case 3:08-cv-01877-LED Document 2-62 Filed 06/06/2008 Page 17 of 19

**Securities and Exchange Commission v. C-Tech, L.L.P. and Robert Schlotterbeck;** (Judge Solis);Civil Action No. 3-01CV2542-P in the United States District Court for the Northern District of Texas, Dallas Division – Appointed as Receiver in $4 million oil and gas venture. Return to investors was more than 40 percent.

**Securities and Exchange Commission v. Resource Development International, LLC, et al.;** (Judge Buchmeyer); Civil Action No. 3:02-CV-0605-R in the United States District Court for the Northern District of Texas, Dallas Division – Currently serving as primary counsel to Receiver in $73 million Ponzi scheme involving more than 1,500 investors. Return to investors is currently unknown.

**Securities and Exchange Commission v. Benjamin Franklin Cook, individually and doing business as Dennel Finance Limited, et al.;** (Judge Buchmeyer); Civil Action No. 3:99 CV0571-R in the United States District Court for the Northern District of Texas, Dallas Division –Served as primary counsel to Receiver in $35 million Ponzi scheme where return to investors was approximately 63 percent.

**Diamond Benefits Life Insurance Company, in Receivership** -- Served as Texas counsel to the Special Deputy Receiver appointed by the Arizona Department of Insurance in insurance insolvency case in which claims exceed $22 million.

**American Bonding Company, in Receivership** -- Served as Texas counsel to the Special Deputy Receiver appointed by the Arizona Department of Insurance in defending the Receiver in lawsuit brought in federal court in Dallas.

**Great Global Life Insurance Company, in Receivership** – Served as Texas counsel to the Special Deputy Receiver appointed by the Arizona Department of Insurance with respect to ancillary receivership matter instituted in Texas.

**Aztar Casualty Insurance Company, in Receivership** -- Served as Texas counsel to the Special Deputy Receiver appointed by the Arizona Department of Insurance with respect to certain issues.

**Mutual Benefit Life Insurance Company, in Receivership** – Served as Texas counsel to Mutual Benefit Life Insurance Company prior to its insolvency and while it was in receivership in defending the company against claims brought in Texas against the company.

### Publications and Speeches

- *Note, Domangue v. Eastern Airlines*, 722 F.2d 256 (5th Cir. 1984), 50 J. Air L. 375 (1985)

- Panelist on topic of Receiverships presented at the Annual Southwest Securities Enforcement Conference sponsored by The Fort Worth District Office of the Securities and Exchange Commission.

## Honors and Awards

• Awarded the Hatton W. Sumners scholarship to attend the SMU School of Law

• Editor in Chief of the Journal of Air Law and Commerce

• Order of the Coif

• Order of Barristers

• Awarded the Best Brief Award for the Moot Court competition

• Appointed by the Governor of New Mexico to serve as an ex-officio member of the Board of Educational Finance

## Education and Professional Background

• Admitted, Texas

• Fifth Circuit Court of Appeals

• Admitted, New Mexico

• J.O., cum laude, from Southern Methodist University in 1986.

• Undergraduate degree in government and journalism, cum laude, from New Mexico State University in 1982. Mr. Crawford served as Student Body President at NMSU and was an ex-officio member of the Board of Regents.

## Reported Cases

Mr. Crawford's successful experience in handling lawsuits is reflected in the following reported cases in which Mr. Crawford served as counsel:

• *Warfield v. Byron*, 436 F. 3d 551 (5th Cir. 2006).

• *Seawright v. Charter Furniture Rental, Inc.*, 39 F. Supp. 2d 795 (N.D. Tex. 1999), where the Court found that "lead counsel for Charter, Kelly Crawford, is an experienced, able practitioner who specializes in the area of commercial litigation, including employment disputes...The Court found the quality of their written work to be excellent. Their rates...certainly comport with the going rate for attorneys in this district and division with their qualifications and experience. In fact, the hourly rates are on the low side." 39 F.2d at 807.

• *Clark v. Fitzgibbons*, 105 F.3d 1049 (5th Cir. 1997).

• *Christopher v. Diamond Benefits Life Ins. Co.*, 35 F.3d 232 (5th Cir. 1994).

• *Capital Income Properties v. Blackmon*, 843 S.W.2d 22 (Tex. 1992).

• *Wal-Mart Stores, Inc. v. Alexander*, 827 S.W.2d 420 (Tex. 1992).

## Fee Schedule

**Hourly Rates:**

| | |
|---|---|
| *Kelly Crawford, Receiver* | *$275* |
| *Charlene Koonce, Receiver's counsel* | *$225* |
| *Associate attorneys* | *$175 to $200* |
| *Legal Assistants* | *$100* |
| *Accountant – CPA (5 years or more)* | *$200* |
| *Accountant – CPA (Less than 5 years)* | *$175* |
| *Staff Accountants* | *$125* |
| *Computer Technicians* | *$100* |
| *Accounting administrative assistants* | *$80* |
| *Private Investigator – Certified Fraud Examiner* | *$100* |